UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    No. 06-15765

v.                                               District Judge Paul D. Borman
                                                     Magistrate Judge R. Steven Whalen

DANYETTA L. FOSTER-SMITH,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

      This is a student loan case. Before the Court is Defendant Danyetta L. Foster-Smith's Request for Hearing About the Answer Filed by the Garnishee [Doc. #48] and Request for Hearing About the Garnishment and Claim for Exemptions [Doc. #50]. Both requests have been referred under 28 U.S.C. § 636(b)(3). Since they are post-judgment matters, I must proceed by Report and Recommendation. *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). I recommend that both motions be DENIED.

### I.    FACTS

      Default judgment was entered against Defendant on March 19, 2007, in the amount of $2,953.07, together with post-judgment interest [Doc. #6]. On May 5, 2015, Plaintiff obtained a writ of continuing garnishment against Plaintiff and her employer, T-Mobile USA [Doc. #44].[1] Garnishee T-Mobile USA was ordered to pay to the U.S.

---

[1] Magistrate Judge Komives held a previous garnishment hearing (not involving T-Mobile USA) on March 6, 2014. On March 14, 2014, the parties stipulated that the writ of garnishment as to Defendant's previous employer would be withdrawn, and Defendant agreed to voluntary withholding of $60.00 biweekly, until the judgment was satisfied

Department of Justice 25% of Defendant's disposable income bi-weekly [Doc. #46]. The Court noted in its order that Defendant was notified of her right to a hearing but had not requested a hearing to determine exempt property. Defendant's wages are garnished in the amount of $157.73 biweekly. Plaintiff states that this "will satisfy the judgment in full before the end of the year."

In her requests, Plaintiff states that due to financial constraints, she cannot pay Plaintiff more than $60.00 per month. She has also checked the following exemptions: $8,625 in personal property, $1,625 in "tools of the trade," and an additional $7,500 in personal property based on not owning a residence. These are all exemptions under the Bankruptcy Code. In addition, she claims the following non-bankruptcy, statutory exemptions under Michigan law: personal property, wages, "tools of the trade," and $7,500 in personal property based on not owning a residence.

The Court scheduled oral argument for July 30, 2015 at 10:00 a.m. Defendant was not there at 10:00 a.m. The Court heard other matters and called this case at approximately 10:42 a.m. Defendant was not there. She has not contacted the Court.

## II.   DISCUSSION

The garnishment in this case does not involve personal property or tools of the trade, so those claims for exemptions are inapplicable. Under M.C.L. § 600.5311, 60% of weekly wages are exempt. Plaintiff's wages are being garnished, but the amount does not exceed 25% of her disposable biweekly income. Her claim for an additional wage exemption is not supportable.

Defendant also claims financial hardship. As I stated in *United States v. McGhee*, 2007 WL 4326807, *1 (E.D.Mich. 2007), "[W]hile the Court is not unsympathetic to

---

[Doc. #39]. However, Plaintiff states that the payments stopped in December of 2014.

[Defendant's] financial plight, poverty does not constitute a defense to a writ of garnishment. Further, Defendant has not set forth any basis, under either Michigan or federal law, from which this Court could conclude that the property in issue is exempt from garnishment." Likewise here, Defendant–who declined to appear at the scheduled argument on her requests–has not met her burden of showing that the funds in question are exempt from garnishment.

### III.   CONCLUSION

I therefore recommend that Defendant Danyetta L. Foster-Smith's Request for Hearing About the Answer Filed by the Garnishee [Doc. #48] and Request for Hearing About the Garnishment and Claim for Exemptions [Doc. #50] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 30, 2015

Certificate of Service

I certify that a copy of this document was served upon parties of record on July 30, 2015, via electronic or postal mail.

/s/A. Chubb
CASE MANAGER